**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SCOTT HAMPTON,

Plaintiff(s),

v.

STEVEN A. HOLPER, et al.,

Defendant(s).

Case No.: 2:18-cv-00688-MMD-NJK

**REPORT AND RECOMMENDATION**

Pending before the Court is an order for Defendant Insys Therapeutics, Inc. to show cause why this case should not be remanded for lack of subject matter jurisdiction. Docket No. 5. Defendant Insys filed a response indicating that subject matter jurisdiction exists and that remand would be improper. Docket No. 12; *see also* Docket No. 13 (corrected image). Plaintiff filed a response arguing that subject matter jurisdiction is absent. Docket No. 14.

For the reasons discussed below, the undersigned **RECOMMENDS** that this case be **REMANDED** for lack of subject matter jurisdiction. The undersigned also **RECOMMENDS** that Defendant Insys' recently-filed motion to dismiss (Docket No. 17) and motion to sever (Docket No. 18) be **DENIED** without prejudice to seeking relief in state court following remand. The undersigned further recommends that Plaintiff's recently-filed motion to remand (Docket No. 19) be **DENIED** as moot.

## I. BACKGROUND

Plaintiff is the executor of the estate of Diana Hampton, who died following an overdose of the drug Fentanyl. Compl. ¶ 22 (Docket No. 1-1).[1] Plaintiff filed a complaint in state court alleging that Defendant Steven Holper had been improperly providing Fentanyl to Ms. Hampton without a prescription and without a medically appropriate purpose. *Id.* at ¶¶ 17-20. Plaintiff alleges that Ms. Hampton would use a tool to open the Fentanyl canisters to access the drug and would then use a syringe to inject the Fentanyl into her arm. *Id.* at ¶ 21. Plaintiff alleges that, in improperly providing Fentanyl to Ms. Hampton, Defendant Holper is liable for wrongful death for negligently breaching his duty to provide proper medical treatment to Ms. Hampton. *Id.* at ¶¶ 28-41. Plaintiff also alleges a wrongful death claim against Defendant Holper for intentional and reckless conduct. *Id.* at ¶¶ 42-47.

Nine days after Plaintiff filed that complaint in state court, he filed an amended complaint that also names Insys as a defendant. Am. Compl. ¶ 3 (Docket No. 1-2). Plaintiff alleges that Insys is the manufacturer, marketer, and distributor of Fentanyl. *See id.* Plaintiff brings all of the above claims for wrongful death against both Defendant Holper and Defendant Insys. *See id.* at ¶¶ 29-48 (asserting causes of action against "all defendants").[2] Plaintiff also brings three additional claims against Defendant Insys; causes of action for negligence, product liability design defect, and failure to warn. *Id.* at ¶¶ 49-71. With respect to the first of those causes of action, Plaintiff alleges that Defendant Insys was negligent in continuing to supply Fentanyl to Defendant Holper despite his history of medical malpractice, his history of overprescribing pain medications, and his highly suspicious orders. *Id.* at ¶¶ 51, 53, 58. Plaintiff also alleges that Defendant Insys misrepresented its compliance with its duties under the law, and concealed that non-compliance and shipment of suspicious orders of Fentanyl to Defendant Holper. *Id.* at ¶ 55.

---

[1] Plaintiff brings suit as the executor of Ms. Hampton's estate, on his own behalf and on his minor children's behalf. *See id.* at ¶¶ 1, 6.

[2] Defendant Insys contends, in essence, that its inclusion in these causes of action is the result of a scrivener's error. *See* Docket No. 13 at 7 n.2. Whether the first four causes of action are indeed meant to pertain to both Defendant Holper and Defendant Insys does not alter the undersigned's evaluation of subject matter jurisdiction.

Plaintiff served Defendant Insys with the amended complaint on March 15, 2018. Docket No. 1-4. On April 16, 2018, Defendant Insys removed this case from state court on the basis of diversity jurisdiction. Docket No. 1.[3] The notice of removal essentially acknowledges that both Plaintiff and Defendant Holper are Nevada citizens for diversity purposes,[4] but asserts that Defendant Insys' Arizona citizenship suffices to establish this Court's subject matter jurisdiction through application of the fraudulent misjoinder doctrine and/or through severance of the claims against Defendant Holper. *See id.* On April 17, 2018, the undersigned issued an order for Defendant Insys to show cause why this case should not be remanded for lack of subject matter jurisdiction. Docket No. 5. That order to show cause is the matter currently before the Court.

## II. MAGISTRATE JUDGE AUTHORITY

Before turning to the substance of the pending order to show cause, the Court first evaluates its authority to address the matter. The authority of the undersigned magistrate judge is derived from 28 U.S.C. § 636, which generally provides magistrate judges with the authority to "hear and determine" non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). By contrast, dispositive matters are sometimes referred to magistrate judges, but in those circumstances a magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60. Section 636

---

[3] Defendant Holper did not join in the removal, and has not appeared or participated in this litigation. On February 7, 2018, Defendant Holper was indicted by a federal grand jury on 29 charges for the unlawful distribution of Fentanyl and for making false statements relating to a health benefit program. *United States v. Holper*, Case No. 2:18-cr-00037-JAD-NJK, Docket No. 1 (D. Nev. Feb. 7, 2018). That criminal case remains pending, with a trial date set for April 9, 2019. *Id.*, Docket No. 29.

[4] The party seeking to invoke diversity jurisdiction must identify the citizenship of the parties. *See, e.g., Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Defendant Insys acknowledges that Defendant Holper resides and does business in Nevada, Docket No. 1 at 2-3, which are both indicia of a Nevada citizenship, *see, e.g., Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (factors in determining domicile for purposes of diversity of citizenship include "current residence" and "place of employment or business"). Defendant Insys has provided no basis on which the Court could conclude that Defendant Holper is anything other than a Nevada citizen and Defendant Insys appears to assume for removal purposes that he is. *See* Docket No. 1 at 3. As such, the undersigned will treat both Plaintiff and Defendant Holper as Nevada citizens for purposes of this report and recommendation.

specifically enumerates eight different types of matters to be treated as "dispositive." *See* 28 U.S.C. § 636(b)(1)(A)-(B). When a matter falls outside of those expressly enumerated as dispositive, courts look to the nature and effect of the issued ruling to determine whether the underlying matter should be considered dispositive or non-dispositive. *See, e.g.*, *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).

The Ninth Circuit has held that remanding a case to state court, while not case-dispositive, is dispositive of proceedings in federal court and is therefore beyond the authority of magistrate judges. *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). As such, the undersigned will issue a report and recommendation to the assigned district judge. *See id.*

**III. STANDARDS**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction over claims arising out of state law where the claims are between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

**IV. FRAUDULENT MISJOINDER**

The primary thrust of Defendant Insys' position on the appropriateness of removal is that the Court may exercise diversity jurisdiction over this case despite the lack of complete diversity

based on the fraudulent misjoinder doctrine. Docket No. 13 at 2-8.[5] The undersigned is not persuaded by this argument as the fraudulent misjoinder doctrine is not valid in the Ninth Circuit.

It is well-established in the Ninth Circuit that a plaintiff may not defeat diversity jurisdiction by fraudulently joining a non-diverse party against whom no viable claim can be pled. *See, e.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A "fraudulent joinder" occurs when the "plaintiff fails to state a cause of action against [a] defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Defendant Insys does not argue in this case that Plaintiff has failed to state a claim against Defendant Holper, so the fraudulent joinder doctrine is inapplicable.

Defendant Insys instead relies on the novel doctrine of "fraudulent misjoinder." The fraudulent misjoinder doctrine was created by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-76 (11th Cir. 2000). In that case, the Eleventh Circuit found that the fraudulent misjoinder doctrine applies where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Id.* The Eleventh Circuit further found in that case that the claims against the defendants at issue had "no real connection" to one another and that their joinder was "so egregious" that the non-diverse defendant could be ignored to establish diversity jurisdiction. *Id.*[6]

"[T]he Eleventh Circuit is the only federal appellate court to adopt fraudulent misjoinder." *In re Prempro Prods. Liability Litig.*, 591 F.3d 613, 620 n.4 (8th Cir. 2010). The doctrine's road from the Eleventh Circuit to other federal courthouses has been a rocky one. The Ninth Circuit has neither adopted nor rejected *Tapscott*. *See Cal. Dump Truck Owners Ass'n v. Cummins Engine*

[5] Some courts refer to this doctrine as "procedural misjoinder."

[6] The difference between fraudulent joinder and fraudulent misjoinder, succinctly stated, is that the former examines the merits to determine whether the plaintiff stated a claim against the non-diverse defendants while the latter examines the facts to determine if the claims have a sufficient connection to be coupled in the same case. *See Perry v. Luu*, Case No. 1:13-cv-00729-AWI-JLT, 2013 WL 3354446, at *4 (E.D. Cal. July 3, 2013).

*Co.*, 24 Fed. Appx. 727, 729 (9th Cir. 2001) (unpublished). Presumably as a result of the limits on appealing remand orders, *see* 28 U.S.C. § 1447(d), the development in this area of the law has been driven largely by the district courts, and the district courts within the Ninth Circuit have developed a robust body of law on fraudulent misjoinder. As Defendant Insys correctly notes, a few decisions from within the Ninth Circuit have adopted the fraudulent misjoinder doctrine established in *Tapscott*. *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 504 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004); *Anglada v. Bank of Am. Corp.*, Case No. 3:11-cv-00524-RCJ-WGC, 2011 WL 5196710, at *4 (D. Nev. Oct. 27, 2011); *see also O'Brian v. Ford Motor Co.*, Case No. CV 18-cv-1411-DMG (PLAx), 2018 WL 1089735, at *2 (C.D. Cal. Feb. 27, 2018). The doctrine has fared poorly within the Ninth Circuit as a whole, however, as "the vast majority of district court cases within the Ninth Circuit have refused to apply the doctrine." *Stone-Jusas v. Wal-Mart Stores, Inc.*, Case No. 2:14-cv-00669-JCM-NJK, 2014 WL 5341686, at *3 (D. Nev. Oct. 20, 2014). To that end, district courts within the Ninth Circuit have repeatedly and consistently pooh-poohed the doctrine. *See, e.g.*, *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1128 (E.D. Cal. 2004); *Delgado v. Primerica Life Ins. Co.*, Case No. 17-cv-03744-HSG, 2018 WL 839389, at *3 (N.D. Cal. Feb. 13, 2018); *Mohansingh v. Crop Prod. Servs., Inc.*, Case No. 1:17-cv-00439-DOD-EPG, 2017 WL 4778579, at *3, 5 (E.D. Cal. Oct. 23, 2017); *Doe v. Medalist Holdings, LLC*, Case No. EDCV 17-1264-MWF (FFMx), 2017 WL 3836041, at *4 (C.D. Cal. Sept. 1, 2017); *Kay v. Regents of Univ. of Cal.*, Case No. 17-cv-1512-MMA (KSC), 2017 WL 3600613, at *2 & n.2 (S.D. Cal. Aug. 22, 2017); *Gleicher v. Hartford Underwriters Ins. Co.*, Case No. CV 17-0773 FMO (GJSx), 2017 WL 1370689, at *3-4 (C.D. Cal. Apr. 10, 2017); *McDowell v. Burlington N. Santa Fe Ry. Co.*, Case No. CV 16-67-BMM-JTJ, 2016 WL 11216508, at *2 (D. Mont. Oct. 3, 2016), *adopted*, 2017 WL 396607, at *3 (D. Mont. Jan. 30, 2017); *Ellis v. Amerigas Propane, Inc.*, Case No. 1:16-cv-1184 AWI SKO, 2016 WL 8673036, at *2-3 (E.D. Cal. Nov. 18, 2016); *J.T. Assocs., LLC v. Fairfield Dev., L.P.*, Case No. 15-cv-04913-BLF, 2016 WL 1252612, at *3 (N.D. Cal. Mar. 31, 2016); *Thee Sombrero, Inc. v. Murphy*, Case No. EDCV 15-001004-VAP (SPx), 2015 WL 4399631, at *3-5 (C.D. Cal. July 17, 2015); *Blasco v. Atrium Med. Corp.*, Case No. C 14-03285 EDL, 2014 WL 12691051, at *4-5 (N.D. Cal. Oct.

30, 2014); *Target Const., Inc. v. Travelers Prop. Cas. Co. of Am.*, Case No. 2:14-cv-1004-JCM-VCF, 2014 WL 5048241, at *3-4 (D. Nev. Oct. 9, 2014); *Garcia v. Allstate Ins. Co.*, Case No. 2:14-cv-066478-CAS (AGRx), 2014 WL 12611285, at *2-3 (C.D. Cal. Oct. 3, 2014); *Jurin v. Transamerica Life Ins. Co.*, Case No. C 14-02882 LB, 2014 WL 4364901, *3-4 (N.D. Cal. Sept. 3, 2014); *Dent v. Lopez*, Case No. 1:14-cv-00442-LJO-SMS, 2014 WL 3615784, at *6 (E.D. Cal. July 22, 2014), *adopted in part*, 2014 WL 3838837 (E.D. Cal. July 30, 2014); *George Kapule Entendencia v. Fresenius USA Inc.*, Case No. CV 14-1028 JGB (AGRx), 2014 WL 12586720, at *3-5 (C.D. Cal. Mar. 19, 2014); *Mauck v. Boston Sci. Corp.*, Case No. CV 13-6343 GW (JEMx), 2013 WL 12152442, at *2 (C.D. Cal. Oct. 16, 2013); *Meehan v. Thanos*, Case No. SACV 13-1166-JLS (JPRx), 2013 WL 12124056, at *3 (C.D. Cal. Oct. 15, 2013); *Dekalb v. C.R. Bard, Inc.*, Case No. CV 13-06308 DMG (PJWx), 2013 WL 12146518, at *4-5 (C.D. Cal. Oct. 8, 2013); *Dewitt v. Foot Locker Retail, Inc.*, Case No. 13-cv-3459 YGR, 2013 WL 12214729, at *1 (N.D. Cal. Oct. 1, 2013); *Lopez v. Pfeffer*, Case No. 13-cv-03341 NC, 2013 WL 5367723, at *4 (N.D. Cal. Sept. 25, 2013); *Hannig v. Juarez*, Case No. 2:12-cv-02058-LDG-GWF, 2013 WL 7095748, at *6 (D. Nev. Aug. 27, 2013);[7] *Nation v. Bayer Healthcare Pharms., Inc.*, Case No. CV 13-4689 AG (ANx), 2013 WL 12144106, at *3 (C.D. Cal. Aug. 19, 2013); *Early v. Northrop Grumman Corp.*, Case No. 2:13-cv-3130 ODW (MRWx), 2013 WL 3872218, at *2-3 (C.D. Cal. July 24, 2013); *Perry*, 2013 WL 3354446, at *5; *Guardado v. Highshaw*, Case No. EDCV 13-365 PSG (SPx), 2013 WL 12137105, at *5 (C.D. Cal. May 6, 2013); *Butte Local Dev. Corp. v Masters Grp. Int'l, Inc.*, Case No. CV 12-71-BU-DLC, 2012 WL 13019008, at *3-5 (D. Mont. Nov. 28, 2012); *Xavier v. Allstate Prop. & Cas. Ins. Co.*, Case No. C 12-00920 RAJ, 2012 WL 13024685, at *2 (W.D. Wash. Aug. 29, 2012); *Madsen v. Davol Inc.*, Case No. CV08-2174-PHX-NVW, 2009 WL 10673086, at *2 (D. Ariz. Feb. 23, 2009); *HVAC Sales, Inc. v. Zurich Am. Ins. Grp.*, Case No. C-04-03615 RMW, 2005 WL 2216950, at *5 (N.D. Cal. July 25, 2005); *Alaniz v. Merck & Co.*, Case

[7] United States District Judge Lloyd D. George did not adopt this report and recommendation because subject matter jurisdiction had been divested following an MDL transfer. *Hannig v. Juarez*, 2014 WL 294042 (D. Nev. Jan. 24, 2014). Nonetheless, Judge George noted approvingly that, "[h]opefully, the magistrate judge's treatment of the remand issues will be helpful to the MDL, or this court at the appropriate time." *Id.*

No. CV 05-2487-JFW (MANx), 2005 WL 6124308, at *3 (C.D. Cal. June 3, 2005); *Black v. Merck & Co.*, Case No. CV 03-8730 NM (AJWx), 2004 WL 5392660, at *4 (C.D. Cal. Mar. 3, 2004).[8] The undersigned has also already rejected the fraudulent misjoinder doctrine elsewhere, *Stone-Jusas*, 2014 WL 5341686, at *4, and has not been persuaded to change course here.

As evidenced by the sheer volume of the above case law rejecting the fraudulent misjoinder doctrine, *Tapscott* has come under intense scrutiny by courts outside the Eleventh Circuit. "The reasons against the doctrine are many and persuasive." *Thee Sombrero*, 2015 WL 4399631, at *4. The criticism has focused largely on the fact that the fraudulent misjoinder doctrine runs afoul of the well-settled rule that federal jurisdiction is to be construed narrowly, that the fraudulent misjoinder doctrine creates an unpredictable and complex rule, and that questions of joinder under state law do not implicate federal subject matter jurisdiction. *See, e.g., Prempro Prods. Liability Litig.*, 591 F.3d at 621-22. Numerous courts have found that the better approach is to require the defendant to challenge the claimed misjoinder in state court and, if that court severs the claims and diversity exists, to then seek removal to federal court. *See, e.g., Osborn*, 341 F. Supp. 2d at 1127.

The undersigned is persuaded that these concerns render the fraudulent misjoinder doctrine untenable. As a starting point, federal courts are constrained in their exercise of subject matter jurisdiction. There is a "strong presumption against removal jurisdiction" and federal courts reject invocation of such jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "Fraudulent misjoinder flips this maxim on its head by making cases removable that by § 1441's plain terms should not be, effectively increasing the jurisdiction of federal courts beyond what the rules envision." *Early*, 2013 WL 3872218, at *3. As such, adopting the fraudulent misjoinder doctrine is an improper expansion of federal subject matter jurisdiction without legislative authorization. *See Thee Sombrero*, 2015 WL 4399631, at *4.

Application of the fraudulent misjoinder doctrine also requires federal court action at a point when the court admittedly has no jurisdiction over the case:

[8] Several district court cases have noted the uncertain viability of the fraudulent misjoinder doctrine, but have declined to reach that issue upon finding that the doctrine is inapplicable based on the circumstances at bar. *See, e.g.*, *Bonner v. Leon*, Case No. 2:13-cv-1858-APG-VCF, 2014 U.S. Dist. Lexis 96702, at *9-10 (D. Nev. July 16, 2014).

> The Court is confounded by the concept's circular logic in that it requires the Court first—in full recognition of the lack of diversity jurisdiction—sever part of the case and *only then* find it has jurisdiction. However, the authority to sever misjoined claims or defendants under Rule 20 *presumes* the Court has jurisdiction to act.

*Perry*, 2013 WL 3354446, at *5 (emphasis in original); *accord Blasco*, 2014 WL 12691051, at *5. Such an approach "makes little sense." *Thee Sombrero*, 2015 WL 4399631, at *4; *accord J.T. Associates*, 2016 WL 1252612, at *3.

In addition, the application of the fraudulent misjoinder doctrine is not entirely clear, as "the doctrine raises more questions than answers." *Early*, 2013 WL 3872218, at *2; *see also Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 852 (S.D. Ill. 2006) (case law "in the ten years since *Tapscott* was decided discloses enormous judicial confusion engendered by the doctrine"). Most basically, courts applying the doctrine have struggled to advance a coherent articulation of the standard enunciated in *Tapscott*, which provides that "mere misjoinder" does not suffice and instead "egregious" misjoinder is required. *See* 14B Wright, Miller, Cooper, & Steinman, FEDERAL PRACTICE AND PROCEDURE §3723, pp. 875-76 (2009) (asserting that this language "injects a considerable degree of ambiguity" into the pertinent standard). Moreover, there is uncertainty about whether state or federal law should apply to the analysis. *See, e.g.*, *Prempro Prods. Liab. Litig.*, 591 F.3d at 622 n.6. These are basic and fundamental questions that remain unresolved. As Justice Ginsburg explained for a unanimous Supreme Court, analysis of subject matter jurisdiction should not be an "arduous inquiry." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 587 (1999). There is a "need for simple and precise jurisdictional rules to spare judges and lawyers from wasted time and resources." *Thee Sombrero*, 2015 WL 4399631, at *5. Courts are rightfully reticent to enter the thorny legal thicket that the fraudulent misjoinder doctrine presents, as "the last thing the federal courts need is more procedural complexity." *Osborn*, 341 F. Supp. 2d at 1127; *see also Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 871 (N.D. Ohio 2008).

What is more, there is a straightforward means to avoid all of these policy concerns: rather than allowing a defendant to use a "removing first and answering questions later" approach, the defendant can seek severance from the state court before removing the case. *See Blasco*, 2014 WL 12691051, at *5. State courts are well-equipped to resolve the issue of misjoinder. *See Perry*,

2013 WL 3354446, at *5. In the event the state court finds severance to be proper, then the defendant could remove the pertinent piece of the case to federal court. *Osborn*, 341 F. Supp. 2d at 1127; *see also* Wright, Miller, Cooper, & Steinman, *supra*, § 3723. Given the abundant concerns with the fraudulent misjoinder doctrine and the ability to address severance in state court, many courts have found the better approach is for a defendant to seek severance in state court before attempting to remove to federal court. *Osborn*, 341 F. Supp. 2d at 1127. Defendant Insys provides no insight or explanation as to why it did not promptly seek severance in state court prior to removal, and the undersigned declines to sanction its "removing first and answering questions later" approach.

In short, Defendant Insys asks this Court to endorse a doctrine that has not been adopted by the Ninth Circuit and that has been flatly rejected by the vast majority of district court cases within the Ninth Circuit. The fraudulent misjoinder doctrine is not tenable for the reasons outlined above, and the undersigned declines to endorse it.[9]

## V. ALTERNATIVE REQUEST TO SEVER

Defendant Insys makes an alternative argument that the Court should exercise its discretion to create subject matter jurisdiction by severing the claims against Dr. Holper pursuant to Rule 21

[9] The Court need not apply the fraudulent misjoinder doctrine to the facts of this case in light of the above. Nonetheless, the undersigned notes that this case lacks the hallmarks of fraudulent misjoinder. First, this is not a case in which a defendant was joined after the fact in an obvious effort to thwart federal subject matter jurisdiction. To the contrary, Plaintiff brought suit against (non-diverse) Defendant Holper in the first instance and thereafter filed an amended complaint adding (diverse) Defendant Insys. Such circumstances militate strongly against a finding of fraudulent misjoinder. *Cf. Goodwin*, 2013 WL 1528966, at *4. Second, this is not a case in which there is "no real connection" between the claims alleged. Most obviously, Plaintiff alleges that Defendant Holper's misconduct was so egregious and obvious that Defendant Insys was negligent in not recognizing that misconduct and not ceasing to supply Fentanyl to Defendant Holper. Am. Compl. at ¶¶ 50-58. Evidence supporting Plaintiff's claims against Defendant Holper for his misconduct in providing Fentanyl to Ms. Hampton will bear on Plaintiff's claim against Defendant Insys for continuing to supply Defendant Holper with Fentanyl when it should have known that it was being improperly distributed. Even aside from this negligence to monitor claim, an insufficient showing has been made that the product liability claims are so untethered to the claims against Defendant Holper for improper drug administration to warrant a finding of egregious misjoinder. *See, e.g., N.C. ex rel Jones v. Pfizer, Inc.*, Case No. C 12-00531 WHA, 2012 WL 1029518, at *4 (N.D. Cal. Mar. 26, 2012) ("While it is true the claims for relief differ, it cannot be said that there is 'no real connection' between the claims asserted against defendants. The claims for relief asserted against all defendants are premised on the harmful effects produced by the drug Dilantin").

of the Federal Rules of Civil Procedure and then remanding only those claims. Docket No. 13 at 8-10. This argument is not persuasive.

"Federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent." *Brown v. Endo Pharms., Inc.*, 38 F. Supp. 3d 1312, 1326 (S.D. Ala. 2014) (collecting cases).[10] Most obviously, raising this alternative argument appears to be an improper end-run around courts' rejection of the fraudulent misjoinder doctrine. *Cf. In re Paulsboro Derailment Cases*, Case No. Civil 13-5583 (RBK/KMW), 2014 WL 197818, at *6 (D.N.J. Jan. 13, 2014). Quite simply, a defendant lacking "the proper jurisdictional key with which to open the doors of federal court" cannot rely on Rule 21 severance as a surreptitious means "to climb in the window." *Perry v. Norwest Fin'l Ala., Inc.*, Case No. Civ. A 98-0260-CB-C, 1998 WL 964987, at *2 (N.D. Ala. Dec. 9, 1998).

At its heart, moreover, this alternative request for severance fails for many of the same reasons that the fraudulent misjoinder doctrine fails. Courts have flatly rejected this alternative approach as relying on the same "confound[ing] . . . circular logic" by which a removing defendant asks the court to act without jurisdiction as a means to create jurisdiction. *Lopez*, 2013 WL 5367723, at *5; *see also In re Bard IVC Filters Prods. Liab. Litig.*, Case No. CV-16-00344-PHX-DGC, 2016 WL 2347430, at *8 (D. Ariz. May 4, 2016) ("a court's use of Federal Rule of Civil

---

[10] Defendant Insys relies primarily on three out-of-circuit cases in support of its position: *Mayfield v. London Women's Care, PLLC*, Case No. 15-19, 2015 WL 3440492 (E.D. Ky. May 28, 2015); *Joseph v. Baxter Int'l*, 614 F. Supp. 2d 868 (N.D. Ohio 2009); *DeGidio v. Centocor, Inc.*, Case No. 3:09-cv-721, 2009 WL 1867676 (N.D. Ohio June 29, 2009). These cases have not enjoyed broad support. *See, e.g.*, *Smith v. Am. Med. Sys., Inc.*, Case No. 2:09-cv-168-TMP, 2009 WL 10688480, at *4-6 (N.D. Ala. Aug. 25, 2009) (asserting that *Joseph* "is simply wrong" and not "well-reasoned," and declining to "conjure diversity jurisdiction where none exists simply by 'dropping' a named defendant"), *adopted*, 2009 WL 10688481 (N.D. Ala. Sept. 25, 2009); *In re Bard IVC Filters Prods. Liab. Litig.*, Case No. CV-16-00786-PHX-DGC, 2016 WL 2956557, at *7 (D. Ariz. May 23, 2016) (declining to follow *Joseph* and *Mayfield*). For the reasons discussed herein, the Court finds the contrary authority more persuasive.

Defendant Insys also supports its position with citation to *Nam Soon Jeon v. Island Colony Partners*, 892 F. Supp. 2d 1234 (D. Haw. 2012). That case did not involve a defendant's attempt to create subject matter jurisdiction on removal and, instead, the plaintiff voluntarily chose to drop a defendant in order to retain jurisdiction. *See Jeon*, 892 F. Supp. 2d at 1240. This "crucial distinction" renders such a case inapposite to the situation here. *See Spann v. Nw. Mut. Life Ins. Co.*, 795 F. Supp. 386, 390 (M.D. Ala. 1992); *see also Brown*, 38 F. Supp. 3d at 1326 ("The fundamental problem is that [Defendant] essentially is asking this Court to employ the procedural device of severance not to 'retain' jurisdiction, but to manufacture federal jurisdiction").

Procedure 21 presumes that the court has subject matter jurisdiction over the claims"). "Judicial reluctance to employ Rule 21 in the removal context [also] stems from the concern that application of Rule 21 would circumvent the strict constraints of the removal statute and unduly expand diversity jurisdiction." *Sons of the Revolution in N.Y., Inc. v. Travelers Indem. Co. of Am.*, Case No. 14-CIV-03303 (LGS), 2014 WL 7004033, at *2 (S.D.N.Y. Dec. 11, 2014) (collecting cases); *see also Echols v. OMNI Med. Grp., Inc.*, 751 F. Supp. 2d 1214, 1217 (N.D. Okla. 2010). Unlike the heavy burden that applies to establishing jurisdiction on removal, a defendant "could succeed on a Rule 21 motion on a far lesser standard simply by appealing to the court's discretion." *Rouse v. State Farm Mut. Auto. Ins. Co.*, Case No. 1:14-cv-690, 2015 WL 3849648, at *5 (M.D.N.C. June 22, 2015). The better approach is to have such severance arguments addressed to, and adjudicated by, the state court. *See, e.g.*, *Blasco*, 2014 WL 12691051, at *8; *Goodwin*, 2013 WL 1528966, at *5 n.4 (quoting *Leif's Auto Collision Ctrs. v. Progressive Halcyon Ins. Co.*, Civil Case No. 05-1958-PK, 2006 WL 2054552, at *5 (D. Ore. July 21, 2006)).

The undersigned similarly declines to create subject matter jurisdiction by resorting to the discretionary severance provisions in Rule 21.

## VI.   CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS** that this case be **REMANDED** to state court for lack of subject matter jurisdiction. The undersigned also **RECOMMENDS** that Defendant Insys' recently-filed motion to dismiss (Docket No. 17) and motion to sever (Docket No. 18) be **DENIED** without prejudice to seeking relief in state court following remand. The undersigned further recommends that Plaintiff's recently-filed motion to remand (Docket No. 19) be **DENIED** as moot.

Dated: May 24, 2018

Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).